UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHAHRZAD SALARTASH, DDS )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>SULTAN CHAUDHRY, DDS, *et al* )<br>)<br>*Defendants.*[1] )<br>)<br>_____ ) | Civil Action No. 3:25cv04 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EMERGENCY PRELIMINARY INJUNCTION

### PRELIMINARY STATEMENT

Plaintiff has filed this suit in response to the formal administrative proceeding initiated by the Virginia Board of Dentistry ("Board"). The Board has noticed a formal administrative hearing to determine whether Plaintiff violated the laws and regulations governing the practice of dentistry in Virginia. Rather than argue the lawfulness of her conduct before the Board, the venue designed for this type of specialized administrative hearing, Plaintiff seeks an injunction from this Court to prevent the Board from conducting a formal administrative hearing in her case. However, this Court does not have subject matter jurisdiction over this matter, Plaintiff has not stated a claim for which relief may be granted and has not satisfied any of the requirements for a preliminary injunction. Accordingly, the Defendants respectfully request that this Court deny Plaintiff's motion for a preliminary injunction.

---

[1] Along with Sultan E. Chaudhry, the Defendants are Sidra Butt, Jamiah Dawson, Margaret F. Lemaster, Emelia H. McLennan, Alf Hendricksen, William C. Bigelow, Surya Dhakar, J. Michael Martinez de Andino, and Jennifer Szakaly. All of the named defendants are current members of the Virginia Board of Dentistry ("Board").

## BACKGROUND

The Board is part of the Virginia Department of Health Professions ("DHP"). DHP is the umbrella agency that oversees health care licensing boards in Virginia. Va. Code § 54.1-2503. DHP has the authority to investigate complaints against health care professionals licensed by the boards within DHP. Va Code § 54.1-2506. The Board regulates the practice of dentistry in the Commonwealth of Virginia. *See*. Va Code § 54.1-2400 and Chapter 27 of Title 54.1. The powers and duties of the Board include holding formal hearings to resolve alleged statutory and regulatory violations made against licensed dentists. *See* Va. Code §§ 54.1-2400(7), (9) and (11) and 54.1-2706. The Board may impose discipline on a licensed dentist pursuant to its governing statutes and the Virginia Administrative Process Act.

After meeting and reviewing numerous allegations of dangerous practice and other statutory and regulatory violations by Plaintiff, the Board voted to issue an Order of Summary Suspension ("Order"), entered October 4, 2024, pursuant to the Va. Code § 54.1-2408. ECF No. 1, Exh. C. Attached to the Order, the Board issued a Notice of Formal Administrative Hearing and Statement of Allegations ("Notice") stating the hearing will be held on January 9 and 10, 2025. The formal hearing is currently scheduled to be held on March 6 and 7, 2025. ECF No. 22 at 9.

Subsequently, Plaintiff filed a Complaint and motion for an injunction with this Cout.

At the outset, this suit is barred by sovereign immunity under the Eleventh Amendment, and the *Younger* abstention doctrine precludes this Court's intervention here. Moreover, the Plaintiff fails to state a claim of bad faith prosecution. Plaintiff also seeks to enjoin the Board from holding a formal administrative hearing regarding the allegations set forth in the Notice, and an order rescinding the Board's Order. Plaintiff's motion for a preliminary injunction ("Motion")

relies on her meritless claim of bad faith prosecution. Plaintiff's Motion should be denied under the four (4) factor test provided in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy" subject to a four-part test. *Id*. Plaintiff must show (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Id.* Plaintiff must make a "clear showing" she is "entitled to such relief," which is a higher burden than merely a preponderance of the evidence. *Id*. Because Plaintiff seeks to enjoin a government administrative proceeding, she bears a greater burden than in a private injunction action. *Naked City, Inc. v. Aregood*, 667 F. Supp. 1246, 1252 (N.D. Ill. 1987) (internal citations omitted). To obtain an injunction against government activity a plaintiff must demonstrate "a persistent pattern of [governmental] misconduct." *Id*. (citing *Allee v. Medrano*, 416 U.S. 802, 815, (1974) (other citations omitted)).

## ARGUMENT

**I.      Plaintiff has failed to demonstrate a substantial likelihood of prevailing on the merits.**

The Board's Motion to Dismiss has adequately demonstrated that this court is without subject matter jurisdiction to hear this case, and that Plaintiff fails to state a claim. Plaintiff cannot show a reasonability probability of success on the merits in her claim to stop the disciplinary proceedings because the Board has sovereign immunity pursuant to the Eleventh Amendment. Therefore, this court does not have subject matter jurisdiction. In the alternative, this court should abstain from jurisdiction pursuant to *Younger* abstention, and Plaintiff has not sufficiently pled bad faith prosecution to overcome *Younger* abstention, the only exception to *Younger* abstention

asserted by Plaintiff. *Younger v. Har*ris, 401 U.S. 37, 46 (1971). The Plaintiff's only claim for relief is also a claim of bad faith prosecution. Having failed to demonstrate this claim, Plaintiff fails to state a claim for which relief may be granted. Accordingly, Plaintiff is unlikely to succeed on the merits, and her motion for injunctive relief should be denied.

    **II.    Plaintiff cannot show the administrative process would cause her irreparable harm.**

Absent extraordinary circumstances, "the cost, anxiety, and inconvenience of defending against a single prosecution brought in good faith is not enough to establish the great and immediate threat of irreparable injury necessary to justify enjoining a pending state proceeding." *Gibson v. Schmidt*, 2021 WL 767865 at 12 (D. Ore. 2021) (citing *Younger*, 401 U.S. at 46). Plaintiff must show a significant risk of irreparable harm to demonstrate that the harm is not speculative. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003). If an agency proceeding itself constituted an irreparable injury, then no regulatory agency could ever regulate a licensee's conduct. The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without its issuance. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); (noting that a preliminary injunction will not issue without a showing of "a clear and present need for equitable relief to prevent irreparable harm." (citation omitted)). To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Id*. (internal citations omitted). "Merely serious or substantial" harm is not irreparable harm. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

Here, Plaintiff's only claim of irreparable harm is that of a bad faith prosecution--a claim rebutted by the Board in its Motion to Dismiss. Therefore, Plaintiff has not demonstrated a likelihood of success regarding this constitutional claim. Without this alleged constitutional injury,

4

Plaintiff cannot show that she will suffer irreparable harm. *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022).

**III.     Plaintiff has not shown the threatened injury outweighs the harm the preliminary injunction might cause the Board or public. In contrast, the public interest will be harmed by Plaintiff's relief, and thus the balance of equities favors the Board**.

When an injunction is sought against government actors, the requirements that a petitioner show that the balance of equities and public interest are in their favor merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). The Board is charged with protecting the public against the substandard practice of dentistry and the "equity" associated with that mission outweighs Plaintiff's unsupported claims of bad faith prosecution. Despite Plaintiff's heighten burden to demonstrate the balance of equities weigh in favor of a preliminary injunction, she has not demonstrated that her alleged harm outweighs the risk to public safety, or the violation of a fundamental tenet of federalism that would result from a federal court's interference with a state's lawful exercise of its police powers. *See Younger*, 401 U.S. at 46. In light of the fact that the Board seeks to protect the public regarding the Plaintiff's practice of dentistry, the public interest actually lies in favor of Defendants.

**IV.     Plaintiff's Motion to rescind the Board's Order summarily suspending her license to practice dentistry should be denied.**

Plaintiff's argument that this Court should rescind the Board's Order is based on the faulty premise that the Order "fails to give the Plaintiff notice of the matters of fact and law asserted by the Board in support of the conclusory statement that the Plaintiff is a threat to the public." ECF No. 22 at 29.

In fact, the Board's Order states that the Board met "to receive and act upon information indicating that [Plaintiff] violated certain laws and regulations relating to the practice of dentistry . . . as more fully set forth in the 'Notice of Formal Administrative Hearing and Statement of

Allegations,' which is attached hereto and incorporated by reference herein." ECF No.1, Exh. B. The Notice attached to the Order provides nine pages of detailed allegations. Each allegation states statutes and regulations governing the practice of dentistry the Plaintiff allegedly violated. *Id*. After the citation to the law violated, the allegations state the alleged facts that constitute the violation. *Id*. Plaintiff spends much or her 86-page Complaint addressing the allegations. The Plaintiff's claim that she is without adequate notice of the allegations against her are facially without merit.

## CONCLUSION

For the forgoing reasons the Defendants respectfully request that this Court deny the Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

By: /s/ James E. Rutkowski
James E. Rutkowski (VSB No. 47962)
Attorney for Sultan Chaudry, DDS, *et al*.
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-8118
(804) 371-8718 (fax)
jrutkowski@oag.state.va.us

THE HONORABLE JASON S. MIYARES
Attorney General of Virginia

ROB BELL
Deputy Attorney General

ALLYSON K. TYSINGER
Senior Assistant Attorney General

JAMES E. RUTKOWSKI* (VSB No. 78838)
Assistant Attorney General
(804) 786-8118

6

(804) 371-8718 (fax)

*\* Counsel of Record*